IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **ELECTRONIC SCRIPTING PRODUCTS, INC.,** <br><br> Plaintiff, <br><br> v. <br><br> **CREEPY GREENS ENTERTAINMENT INC. D/B/A MONSTER MINI GOLF (SAN ANTONIO) AND MONSTER ENTERTAINMENT LLC** <br><br> Defendant | C.A. No. 1:25-cv-01668 <br><br> **TRIAL BY JURY DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW, Plaintiff ELECTRONIC SCRIPTING PRODUCTS, INC. ("ESPi") or its Complaint against Defendant CREEPY GREENS ENTERTAINMENT INC. D/B/A MONSTER MINI GOLF (SAN ANTONIO) and MONSTER ENTERTAINMENT LLC (collectively "MONSTER DEFENDANTS"), alleges as follows:

### THE PARTIES

1. Plaintiff Electronic Scripting Products, Inc. ("ESPi") is a company organized under the laws of the State of Delaware, having its principal place of business located at 446 Old County Road, Suite 201, Pacifica, CA 94044 and mailing address at 555 Bryant Street #142, Palo Alto, CA 95301.

2. On information and belief, Creepy Greens Entertainment Inc. owns and operates MONSTER MINI GOLF (SAN ANTONIO) ("MONSTER SAN ANTONIO") located at 2267 Northwest Military Highway, San Antonio, Texas 78213, which offers various virtual reality games. On information and belief, MONSTER SAN ANTONIO is a franchise of Monster Entertainment, LLC.

1

3. On information and belief, Monster Entertainment, LLC is the parent company of a chain of franchised entertainment centers, including MONSTER SAN ANOTONIO. Monster Entertainment is a registered Delaware corporation.

## JURISDICTION AND VENUE

4. This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 *et seq*.

5. This Court has original and exclusive subject matter jurisdiction over the patent infringement claims for relief under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over the MONSTER DEFENDANTS because they maintain a regular and established place of business in this District. Specifically, on information and belief, MONSTER SAN ANTONIO has transacted and is continuing to transact business in this District that includes, but is not limited to, committing acts of patent infringement giving rise to this action by use and sale of products and systems that practice the subject matter claimed in the patent involved in this action.

7. Venue is proper in this district under 28 U.S.C. § 1400(b) because MONSTER SAN ANTONIO has a regular and established place of business in this District. Upon information and belief, the MONSTER DEFENDANTS have committed acts of infringement in this district.

## FACTS

8. On January 5, 2016, United States Patent No. 9,229,540 B2 entitled "Deriving Input From Six Degrees Of Freedom Interfaces" was duly and legally issued. A true and correct copy of United States Patent No. 9,229,540 B2 ("the '540 Patent") is attached hereto as Exhibit A and incorporated herein by this reference.

9. Plaintiff is the assignee of the entire right, title and interest in and to the '540 Patent, including all rights to enforce the '540 Patent and to recover for infringement.

10. Claim 1 of the '540 Patent claims:

1. An interface for producing an input from an absolute pose of an item associated with a user in a three-dimensional environment, said interface comprising:

a) a unit on-board said item, said unit configured to receive non-collinear optical inputs presented by at least one stationary object in said three-dimensional environment, said at least one stationary object having at least one feature detectable via an electromagnetic radiation, said at least one feature presenting a sufficient number of said non-collinear optical inputs for establishing a stable frame in said three-dimensional environment;

b) processing electronics employing a computer vision algorithm using a homography to recover said absolute pose of said item from a geometrical description of said non-collinear optical inputs in terms of absolute pose parameters in said stable frame and to generate a signal related to at least one of said absolute pose parameters;

c) an application employing said signal in said input, wherein said absolute pose of said item comprises at least three translational degrees of freedom and at least three rotational degrees of freedom, said at least one absolute pose parameter is related to at least one among said at least three translational degrees of freedom and said at least three rotational degrees of freedom by a mapping and at least one aspect of said application varies with said absolute pose of said item.

11. On information and belief, the MONSTER DEFENDANTS infringes Claim 1 of the '540 Patent by using and offering for a fee games and experiences that use virtual reality. THE MONSTER DEFENDANTS infringe each element of Claim 1 as follows:

"An interface for producing an input from an absolute pose of an item associated with a user in a three-dimensional environment, said interface comprising:"

3

– To the extent that the preamble is included in the infringement analysis, THE MONSTER DEFENDANTS use an interface for producing an input from an absolute pose of an item, in this case a Virtual Reality Headset (VR HDM).  The VR HMD is a wearable item, namely a piece of headgear such as HP Reverb, HTC Vive or other VR



HMD that is associated with a user in a three-dimenstional environment and these VR HMDs use interfaces through MS Mixed Reality platform and tools; Valve SteamVR platform and tools; OpenXR tools; WebXR Device API; and other analogous 3D Virtual Reality Interface platforms and tools.

"a) a unit on-board said item, said unit configured to receive non-collinear optical inputs presented by at least one stationary object in said three-dimensional environment, said at least one stationary object having at least one feature detectable via an electromagnetic radiation, said at least one feature presenting a sufficient number of said non-collinear optical inputs for establishing a stable frame in said three-dimensional environment" -- THE MONSTER DEFENDANTS use a unit on-board the item (i.e., a unit on-board the VR HMD), where this unit is the on-board camera(s) that receive non-collinear optical inputs.

The non-collinear optical inputs are presented by at least one stationary object in the three-dimensional environment, in other words, it uses a tracked environment that "lock" virtual content to the physical location in the three-dimensional environment. The at least one stationary object having at least one feature detectable via an electromagnetic radiation and having sufficient number of non-collinear optical inputs for establishing a stable frame in the three-dimensional environment. Here THE MONSTER DEFENDANTS use stationary objects in the environment that include lighted and unlighted objects. Stable frame is obtained from frames at framerate of cameras in VR HMD.





THE MONSTER DEFENDANTS use electromagnetic radiation, since the VR HMD camera(s) are subject to occlusions and blurring of features detectable by electromagnetic radiation while frames track the environment.

"b) processing electronics employing a computer vision algorithm using a homography to recover said absolute pose of said item from a geometrical description of said non-collinear optical inputs in terms of absolute pose parameters in said stable frame and to generate a signal related to at least one of said absolute pose parameters" -- THE MONSTER DEFENDANTS use electronics employing a computer vision algorithm using a homography (homography aka projective or perspective transformation) to recover the absolute pose of the item or HMD from viewer perspective.

The homography is based on a geometrical description of the non-collinear optical inputs in terms of absolute pose parameters in the stable frame, which is the XRReferenceSpace - i.e., the geometrical description using coordinates and to generate a signal related to at least one of the absolute pose parameters.

Here signal is related to position and orientation (full pose) or all absolute pose parameters.

"c) an application employing said signal in said input, wherein said absolute pose of said item comprises at least three translational degrees of freedom and at least three rotational degrees of freedom, said at least one absolute pose parameter is related to at least one among said at least three translational degrees of freedom and said at least three rotational degrees of freedom by a mapping and at least one aspect of said application varies with said absolute pose of said item." -- THE MONSTER DEFENDANTS use an application employing the signal (all absolute pose parameters) of the item (VR HMD) including at least three translational degrees of freedom and at

least three rotational degrees of freedom in order to provide VR you can wear with immersive virtual reality attraction.



And they map all the degrees of freedom to at least one aspect of the application, such as navigating in three-dimensional space for full immersive content of the virtual reality attraction such as an experience or a game.

12. Similarly, THE MONSTER DEFENDANTS infringe Claims 2, 11-19, 25, 32, 33, 34, 36, 37, 39, 40, and 44-49 of the '540 Patent.

## FIRST CLAIM FOR RELIEF

**(Direct Infringement of the '540 Patent in Violation of 35 U.S.C. § 271(a))**

13.     ESPi refers to and incorporates herein by reference paragraphs 1-12.

14. The '540 Patent is valid and enforceable.

15. THE MONSTER DEFENDANTS have infringed and continues to infringe at least Claims 2, 11-19, 25, 32, 33, 34, 36, 37, 39, 40, and 44-49 of the '540 Patent under 35 U.S.C. 271(a), either literally or under the Doctrine of Equivalents, by making, using, selling or offering to sell the Accused Products.

16. THE MONSTER DEFENDANTS have had knowledge and notice of the '540 Patent, as well as of its own infringement of the '540 Patent, since at least the date of the filing of this Complaint.

17. ESPi has been and continues to be damaged by THE MONSTER DEFENDANTS' infringement of the '540 Patent.

18. THE MONSTER DEFENDANTS' infringement of the '540 Patent has been and continues to be willful, at least as early as the filing of this Complaint.

## SECOND CLAIM FOR RELIEF

**(Inducing Infringement of the '540 Patent, in Violation of 35 U.S.C. § 271(b))**

19. ESPi refers to and incorporates herein by reference paragraphs 1-18.

20. THE MONSTER DEFENDANTS are also liable for indirect infringement under 35 U.S.C. §271(b), because THE MONSTER DEFENDANTS knowingly induced and continues to induce the direct infringement of one or more of the Claims by end-users and other third parties (i.e. wholesalers, retailers, customers and end users) in the United States.

21. Said-users and other third parties have directly infringed at least Claims 2, 11-19, 25, 32, 33, 34, 36, 37, 39, 40, and 44-49 of the '540 Patent by using or operating the Accused Products, in the manner for which such Accused Products were and are designed and marketed; that is when the Accused Products are used as THE MONSTER DEFENDANTS intend them to be used, the user and the act of usage thereof necessarily directly infringe the '540 Patent.

22. THE MONSTER DEFENDANTS knowingly took active steps to induce end-users and other third parties in the United States to engage in direct infringement of the '540

Patent since THE MONSTER DEFENDANTS knew that when the Accused Products are used for their intended purpose by third parties and end users, such third parties and users directly infringe the claims of the '540 Patent. For example, to induce such third parties' and users' infringement, THE MONSTER DEFENDANTS on information and belief, provided, sold, or promoted the Accused Products to end-users or other third parties along with specific instructions or training regarding the use of those products, which instructions or training actively induced said end-users and other third parties to practice one or more of the Claims and said instructions or training caused direct infringement of such Claims.

23.     THE MONSTER DEFENDANTS possessed the specific intent to induce direct infringement of the Claims by end-users and other third parties which intent was manifested, inter alia, by its instructions and/or training for using the Accused Products to end users and third parties, and sale of the Accused Products to end users and third parties, and its knowledge of the '540 Patent and its knowledge that any use of the Accused Products by end-users and other third parties would necessarily directly infringe one or more of the claims of the '540 Patent.

24.     THE MONSTER DEFENDANTS knew or should have known that testing, demonstrating, marketing, making, using, offering to sell, selling, and/or importing the Accused Products constituted infringement of one or more of the claims of the '540 Patent, based on, among other things, the reasons alleged in the foregoing paragraph.

25.     By reason of the acts of THE MONSTER DEFENDANTS alleged herein, ESPi has suffered damage in an amount to be proved at trial.

**PRAYER FOR RELIEF**

WHEREFORE, ESPi prays for relief as follows:

  A. Judgment that THE MONSTER DEFENDANTS USA INC. has directly infringed, and induced others to infringe, the '540 Patent either literally and/or under the doctrine of equivalents;

  B. Judgment awarding ESPi general and/or specific damages, including a reasonable royalty and/or lost profits, in amounts to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as all of THE MONSTER DEFENDANTS' profits or gains of any kind from its acts of patent infringement.

  C. Judgment awarding ESPi all of its costs, including its attorneys' fees, incurred in prosecuting this action, including, without limitation, pursuant to 35 U.S.C. § 285 and other applicable law;

  D. Judgment awarding ESPi pre-judgment and post-judgment interest; and

  E. Judgment awarding ESPi such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), ESPi hereby demands a trial by jury on all issues triable to a jury.

Dated:  October 17, 2025                    Respectfully submitted,

/s/ Raymond W. Mort, III
Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
111 Congress Ave, Suite 500
Austin, Texas 78701
Tel/Fax: (512) 865-7950


John A. Lee (pro hac vice to be filed)
jlee@banishlaw.com
**BANIE & ISHIMOTO LLP**
2100 Geng Road, Suite 210
Palo Alto, CA 94303
T: 650.241.2774
F: 650.241.2770